UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| **Sammy Louis Anderson**, # 97076-071 ) | C/A No. 6:05-1583-GRA |
| ) | [In Re: Criminal No. 6:00-144-1] |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| **United States of America**, ) | (Written Opinion) |
| ) | |
| Respondent. ) | |

The petitioner is a federal prisoner at FCI-Estill.  He is serving a sentence of ninety (90) months for a conviction for possession with intent to distribute cocaine.  The conviction was entered in <u>United States v. Sammy L. Anderson</u>, Criminal No. 6:00-144-1.  In the case at bar, the petitioner has submitted a pleading entitled "SENTENCE UNCONSTITUTION[.]"

In light of the decision of the United States Court of Appeals for the Fourth Circuit in <u>United States v. Winestock</u>, 340 F.3d 200, 2003 U.S.App. LEXIS® 7941 (4th Cir.), *cert. denied*, <u>Winestock v. United States</u>, 157 L.Ed.2d 395, 124 S.Ct. 496, 2003 U.S. LEXIS® 7906 (2003), assignment

1

of a civil action number to the above-captioned matter was authorized.[1]

The petitioner was convicted pursuant to a guilty plea. At his guilty plea proceeding, the petitioner was represented by Beattie B. Ashmore. In Criminal No. 6:00-144-1, the petitioner entered a guilty plea before the undersigned on March 9, 2001. Sentencing was held before the undersigned on July 6, 2001. An amended judgment was issued on July 26, 2001.

The petitioner's direct appeal in Criminal No. 6:00-144-1 (Fourth Circuit Docket No. 01-4552) was not successful. On March 19, 2002, the United States Court of Appeals for the Fourth Circuit affirmed the judgment in the petitioner's criminal case, and ruled that the petitioner was not entitled to withdraw his guilty plea:

*PER CURIAM.*

> Sammy L. Anderson appeals the district court's denial of his motion to withdraw his guilty plea. Anderson pleaded guilty to one count of possession with intent to distribute cocaine in violation of 21 U.S.C.A. § 841(a)(1) (West 1999 & Supp. 2001). He claims the district court failed to establish an adequate factual basis for his plea and erred in failing to allow him to later withdraw his plea.

---

[1] The Office of the Clerk of Court has recently implemented a new system for listing case numbers. Under this new system, the alphabetical suffix at the end of the civil action number reflects the United States District Judge assignment.

>We review a district court's acceptance of a guilty plea as supported by a sufficient factual basis only for abuse of discretion. *United States v. Mitchell*, 104 F.3d 649, 652 (4th Cir.1997). Likewise, we review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Craig, 985 F.2d 175, 178 (4th Cir.1993). Upon examination of the record, we find the district court heard sufficient information to prove every element of the offense, and thus established an adequate factual basis for Anderson's guilty plea. Moreover, because Anderson presented no credible evidence supporting his claims that his plea was coerced and that he is innocent, the district court did not abuse its discretion by denying his request to withdraw his plea. *See United States v. Moore*, 931 F.2d 245, 248 (4th Cir.1991).
>
>Accordingly, we affirm the judgment of the district court. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
>
>*AFFIRMED.*

<u>United States v. Sammy L. Anderson</u>, 30 Fed.Appx. 280, 2002 U.S.App. LEXIS® 4456, 2002 WESTLAW® 429387 (4th Cir. March 19, 2002).

In <u>Sammy L. Anderson v. United States of America</u>, Civil Action No. 6:01-3835-13AK, the petitioner filed his first Section 2255 action with respect to his conviction. Service of process was authorized in Civil Action No. 6:01-3835-13AK. The United States filed a return and a motion for summary judgment. The petitioner was apprised of dispositive motion procedure, as required by <u>Roseboro v. Garrison</u>, 528 F.2d 309, 310 (4th

Cir. 1975)(district court must advise a *pro se* litigant confronted by a dispositive motion from an adverse party of his or her right to file counter-affidavits or other responsive material, and be alerted to the fact that his or her failure to so respond might result in the entry of summary judgment against him or her).  On May 13, 2002, the petitioner responded to the motion for summary judgment in Civil Action No. 6:01-3835-13.

On May 24, 2002, the Honorable William M. Catoe, United States Magistrate Judge, recommended that the government's motion for summary judgment be granted.  The parties in Civil Action No. 6:01-3835-13 were apprised of their right to file timely written objections to the Report and Recommendation, and of the serious consequences of a failure to do so.  On June 10, 2002, the petitioner filed timely written objections to the Report and Recommendation.  On July 8, 2002, the undersigned granted summary judgment to the United States.  No appeal was filed in Civil Action No. 6:01-3835-13.

In <u>Sammy L. Anderson v. United States</u>, Civil Action No. 6:02-2785-13, the petitioner, purportedly, filed a post-judgment motion in his closed criminal case.  Since the relief sought by the petitioner was available (if at all) under 28 U.S.C. § 2255, the undersigned authorized the

Clerk of Court to treat the pleading as a new civil action under 28 U.S.C. § 2255 on the basis of the decision in United States v. Morehead, 2000 U.S.Dist. LEXIS® 17611, 2000 WESTLAW® 1788398 (N.D.Ill., December 4, 2000). In an order filed in Civil Action No. 6:02-2785-13 on September 13, 2002, the undersigned dismissed the petition as successive. No appeal was filed in Civil Action No. 6:02-2785-13.

The petitioner's third Section 2255 action was filed on March 5, 2003, in Sammy L. Anderson v. United States, Civil Action No. 6:03-0713-13. On April 3, 2003, the undersigned summarily dismissed Civil Action No. 6:03-0713-13 as successive. No appeal was filed in Civil Action No. 6:03-0713-13.

## ANALYSIS

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition to the procedural provisions of 28 U.S.C. § 1915, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and other habeas corpus statutes. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, 1989 U.S. LEXIS®

2231 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of a *pro se* filing).² *Pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less

---

²Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

stringent standard, the pleading, which raises claims under 28 U.S.C. § 2255, is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128, 1133, 1999 U.S.App. LEXIS® 7308 (10th Cir. 1999), or construct the petitioner's legal arguments for him or her, Small v. Endicott, 998 F.2d 411, 417-418, 1993 U.S.App. LEXIS® 15010 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). "If the petition be frivolous or patently absurd on its face, entry of dismissal may be made on the court's own motion without even the necessity of requiring a responsive pleading from the government." Raines v. United States, 423

F.2d 526, 529 (4th Cir. 1970).

The standard for determining whether a petition is successive appears in Slack v. McDaniel, 529 U.S. 473, 485-489, 146 L.Ed.2d 542, 120 S.Ct. 1595, 2000 U.S. LEXIS® 3000 (2000)(to qualify as "successive" petition, prior petition must have been adjudicated on the merits).  In the above-captioned case, this court may take judicial notice of the petitioner's prior criminal case (Criminal No. 6:00-144-1) and three prior § 2255 actions (Civil Action No. 6:01-3835-13, Civil Action No. 6:02-2785-13, and Civil Action No. 6:03-0713-13).  Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970)(district court may take judicial notice of its own files and records).  *See also* Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239, 1989 U.S.App. LEXIS® 16328 (4th Cir. 1989)("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); Mann v. Peoples First National Bank & Trust Co., 209 F.2d 570, 572 (4th Cir. 1954)(approving district court's taking judicial notice of prior suit with same parties: "We think that the judge below was correct in holding that he could take judicial notice of the proceedings had before him in the prior suit to which Mann and the Distilling Company as well as the bank were parties."); and United States

v. Parker, 956 F.2d 169, 171, 1992 U.S.App. LEXIS® 1319 (8th Cir. 1992).

In light of the three prior Section 2255 cases and the holding of the United States Court of Appeals for the Fourth Circuit in United States v. Winestock, 340 F.3d 200, 2003 U.S.App. LEXIS® 7941 (4th Cir. 2003), *cert. denied*, Winestock v. United States, 157 L.Ed.2d 395, 124 S.Ct. 496, 2003 U.S. LEXIS® 7906 (2003), the pleading ("SENTENCE UNCONSTITUTION") submitted by the petitioner in the above-captioned case should be treated as a successive § 2255 action because the petitioner has already had a § 2255 action (Civil Action No. 6:01-3835-13) adjudicated on the merits.

Since the petitioner is seeking relief from his conviction and sentence, the relief requested by the petitioner in the above-captioned matter is available, if at all, under 28 U.S.C. § 2255.  *See* United States v. Morehead, 2000 U.S.Dist. LEXIS® 17611, 2000 WESTLAW® 1788398 (N.D.Ill., December 4, 2000):

> Notwithstanding Bennett captioning this pleading under Federal Rule of Criminal Procedure 12(b)(2), this court must construe it as a motion attacking his sentence under 28 U.S.C. § 2255.  Regardless of how a defendant captions a pleading, "any post-judgment motion in a criminal proceedings that fits the description of § 2255 ¶ 1 is a motion under § 2255...." United States v. Evans, 224 F.3d 670, 672 (7th Cir. 2000).  In

the pleading at bar, Bennett argues that the court did not have jurisdiction over his criminal case, which is one of the bases for relief under § 2255 ¶ 1. Therefore, this court must construe this motion as a § 2255 motion.

United States v. Morehead, supra.

The United States Court of Appeals for the Seventh Circuit has reached a similar conclusion:

> * * * *Many decisions in this circuit hold that substance controls over the caption.
>
>> Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover. See, e.g., *Ramunno v. United States,* 264 F.3d 723 (7th Cir.2001). Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls. See *Thurman v. Gramley,* 97 F.3d 185, 186-87 (7th Cir.1996).
>
> *Melton v. United States,* 359 F.3d 855, 857 (7th Cir.2004) (emphasis in original). Lloyd's motion advanced the kind of arguments and sought the kind of relief covered by § 2255 ¶ 1. It therefore was a collateral attack, and because we had not granted permission for its commencement the district court was obliged to dismiss it for lack of jurisdiction. Although a miscaptioned *initial* collateral attack does not count for purposes of § 2244(b) and § 2255 ¶ 8 unless the district judge

alerts the prisoner that it will use up the one allowed as of right, see *Castro v. United States,* 540 U.S. 375, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003), all later collateral attacks must be seen for what they are. A captioning error in a successive collateral proceeding cannot cost the prisoner any legal entitlement, so *Castro*'s warn-and-allow-withdrawal approach does not apply. See *Melton,* 359 F.3d at 857.

United States v. Lloyd, 398 F.3d 978, 979-980, 2005 U.S.App. LEXIS® 3429 (7th Cir. 2005). *See also* United States v. Winestock, 340 F.3d 200, 2003 U.S.App. LEXIS® 7941 (4th Cir. 2003), *cert. denied*, Winestock v. United States, 157 L.Ed.2d 395, 124 S.Ct. 496, 2003 U.S. LEXIS® 7906 (2003); and Rhodes v. Houston, 258 F. Supp. 546 (D. Neb. 1966).[3]

---

[3]The holding in United States v. Winestock is based on longstanding case law. This longstanding case was discussed by forty years ago by the United States District Court for the District of Nebraska in Rhodes v. Houston:

> The invulnerability to a trial court's intrusion upon, or disregard of, a judgment or decree founded in, or supported by, an appellate mandate, is devoid of novelty. For example, in 1897, Mr. Justice Gray in In re Potts, 166 U.S. 263, 267, 268, 17 S.Ct. 520, 521, 522, 41 L.Ed. 994, wrote:
>
>> 'When the merits of a case have been once decided by this court on appeal, the circuit court (by which name the trial court was then known) has no authority, without express leave of this court, to grant a new trial, a rehearing or a review, or to permit new defenses on the merits to be introduced by amendment of the answer. Ex parte Story, 12 Pet. 339 (9 L.Ed. 1108); Southard v. Russell, 16 How. 547, (14 L.Ed. 1052); Ex parte Dubuque & P.R. Co., 1 Wall. 69, (17 L.Ed. 514); Stewart v. Salamon, 97 U.S. 361, (24 L.Ed. 1044; Gaines v. Rugg, 148 U.S. 228, 13 S.Ct. 611, (37 L.Ed. 432). In this respect a motion for a new trial or a petition for a rehearing stands upon the same ground as a bill of review, as to which Mr. Justice Nelson, speaking for

(continued...)

Notwithstanding the petitioner's purported filing of this matter as a post-judgment motion in the closed criminal case, the relief requested by the petitioner is available (if at all) under 28 U.S.C. § 2255. United States v. Morehead, supra.

The pleading in the above-captioned case is subject to dismissal under Rule 9(b) of the Section 2255 Rules. *Cf.* Miller v. Bordenkircher, 764 F.2d 245, 248-250 & nn. 3-5 (4th Cir. 1985). *See also* McClesky v. Zant, 499 U.S. 467, 113 L.Ed.2d 517, 111 S.Ct. 1454, 1467-1472, 1991 U.S. LEXIS® 2218 (1991); Section 106 of the Anti-Terrorism and Effective Death Penalty Act of 1996, Public Law 104-132, 110 U.S.Stat. 1214; Bennett v. Angelone, 92 F.3d 1336, 1996 U.S.App. LEXIS® 21003 (4th Cir. 1996), *cert. denied*, 519 U.S. 1002, 136 L.Ed.2d 395, 117 S.Ct. 503,

---

(...continued)
> this court, in Southard v. Russell, above cited, said: 'Nor will a bill of review lie in the case of newlydiscovered evidence after the publication or decree below, where a decision has taken place on an appeal, unless the right is reserved in the decree of the appellate court, or permission be given on an application to that court directly for the purpose. This appears to be the practice of the court of chancery and house of lords, in England; and we think it founded in principles essential to the proper administration of the law, and to a reasonable termination of litigation between the parties in chancery suits."

Rhodes v. Houston, 258 F. Supp. at 567 (quotation downloaded from WESTLAW® [unbalanced quotation marks in original]).

1996 U.S. LEXIS® 7152 (1996); and <u>Armstead v. Parke</u>, 930 F. Supp. 1285, 1996 U.S.App. LEXIS® 8317 (N.D.Ind. 1996), *affirmed*, 116 F.3d 1482, 1997 U.S.App. LEXIS® 14835, 1997 WESTLAW® 345896 (7th Cir. 1997).

In any event, the petitioner is hereby apprised that the Anti-Terrorism and Effective Death Penalty Act divests federal district courts of the authority to grant leave to file successive petitions under 28 U.S.C. § 2255 and 28 U.S.C. § 2254.  28 U.S.C. § 2244(b)(3)(A).  Leave from the "appropriate" United States Court of Appeals is now required under the Anti-Terrorism and Effective Death Penalty Act of 1996 for filers of successive § 2255 petitions.  Before the petitioner attempts to file another petition in the United States District Court for the District of South Carolina, the petitioner ***must*** seek and obtain leave (*i.e.*, written permission) from the United States Court of Appeals for the Fourth Circuit.  The petitioner can obtain the necessary form for doing so from the Clerk's Office of the United States Court of Appeals for the Fourth Circuit in Richmond, Virginia.[4]  The five-page form is entitled

---

[4] *See* Section 106 of the Anti-Terrorism and Effective Death Penalty Act of 1996:

(continued...)

---

(...continued)
    (B) LIMITS ON SECOND OR SUCCESSIVE APPLICATIONS. –Section 2244(b) of title 28, UNITED STATES CODE, is amended to read as follows:

> "(B)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> "(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–
>> "(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> "(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>> "(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> "(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> "(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> "(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the

(continued...)

"Motion for Authorization to File Successive Application under 28 U.S.C. § 2244."

In short, in light of the prior § 2255 action (Civil Action No. 6:01-3835-13) that was addressed on the merits and the holding in United States v. Winestock, supra, the above-captioned case is successive. *See* Aloe Creme Laboratories, Inc. v. Francine Co., supra, where the United States Court of Appeals for the Fifth Circuit commented:

> The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.

Aloe Creme Laboratories, Inc. v. Francine Co., supra, 425 F.2d at 1296.

---

(...continued)
application satisfies the requirements of this subsection.

"(D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

"(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

"(4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.".

Although the statute quoted above, facially, applies to petitions under 28 U.S.C. § 2254, the final paragraph of 28 U.S.C. § 2255 makes it applicable to actions under 28 U.S.C. § 2255.

*See also* United States v. Parker, 956 F.2d 169, 171, 1992 U.S.App. LEXIS® 1319 (8th Cir. 1992). Moreover, under 28 U.S.C. § 2244(b)(3)(A), a district court does not have the authority to grant to the petitioner leave to file a successive § 2255 petition.

Accordingly, the pleading in the above-captioned case is dismissed *without prejudice* under Rule 9(b) of the Section 2255 Rules and under 28 U.S.C. § 2244(a). This dismissal is *without prejudice* to the petitioner's right to seek leave to file a successive § 2255 petition from the United States Court of Appeals for the Fourth Circuit. *See* 28 U.S.C. § 2255 (final paragraph). The Clerk of Court is directed to "close" the case file in the above-captioned case.

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina
June   7  , 2005

## NOTICE OF RIGHT TO APPEAL

The petitioner has the right to appeal this Order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4(a)(1)(B) of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.